UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ERIC HUFFMAN,

    Plaintiff,

v.                                                          Case No. 1:20-cv-322

COMMISSIONER OF SOCIAL               Hon. Ray Kent
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed an application for DIB and SSI on February 6, 2017, alleging a disability onset date of January 30, 2017. PageID.102. Plaintiff identified his disabling conditions as chronic depression, attention deficit hyperactivity disorder (ADHD), and right shoulder problems. PageID.264. Prior to applying for DIB and SSI, plaintiff earned a GED and had past employment performing clerical work in manufacturing, an injection molding tender, material handler, and a resident care aide. PageID.72, 91, 109-110, 265. The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on January 9, 2019. PageID.54-63. One copy of the ALJ's decision in the administrative record (ECF 13-4, PageID.54-63) is incomplete. The administrative record contains a complete copy of the decision at ECF No. 13-5, PageID.102-112. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

### I.     LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.   ALJ's DECISION

Plaintiff's claim failed at the fourth step. However, the ALJ continued to address plaintiff's claim through the fifth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 30, 2017, and that he met the insured status requirements of the Social Security Act through June 30, 2021. PageID.104. At the second step, the ALJ found that plaintiff has severe impairments of depression, cannabis use disorder, and impingement of the right shoulder. *Id*. At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.105.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can occasionally climb ladders; can occasionally overhead reach with right upper extremity; can perform simple, routine, and repetitive tasks; and can tolerate occasional contact with the public and co-workers.

PageID.106. The ALJ also found that plaintiff is capable of performing his past relevant work as an injection molding tender, work which does not require the performance of work-related activities precluded by his residual functional capacity (RFC). PageID.109.

In an "alternate" finding at the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level. PageID.110-111. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled medium work in the national economy such as laundry worker (27,000 jobs), cook helper (94,000 jobs), and kitchen helper (146,000 jobs). PageID.111. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from January 30, 2017 (the alleged onset date) through January 9, 2019 (the date of the decision). PageID.111-112.

### III. DISCUSSION

Plaintiff has raised two errors on appeal.

**A. The ALJ's finding that the plaintiff's ADHD is not a severe impairment because it was not diagnosed by an acceptable medical source is not supported by the substantial evidence of record and by failing to provide a rationale supporting the finding that the plaintiff's mental impairments do not significantly limit basic work skills and in failing to provide a rationale supporting the finding that the plaintiff's mental impairments do not significantly limit basic work skills, the ALJ erred** [sic]**.**

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). As discussed, the ALJ found that plaintiff had severe impairments of depression, cannabis use disorder, and impingement of right shoulder. PageID.56. Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id*. "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). *See Hedges v. Commissioner of Social Security*, 725 Fed. Appx. 394, 395 (6th Cir. 2018) (whether the ALJ characterized the claimant's mental-health impairments as severe or non-severe at step two was "legally irrelevant" when the claimant had severe physical impairments and the ALJ considered

5

the limiting effects of all of the claimant's impairments, including those that were not severe, in evaluating the claimant's ability to work in step four) (citing 20 C.F.R. § 404.1545(e)).

Here, while he ALJ found that plaintiff had three severe impairments, he did not find that plaintiff had a severe impairment of ADHD:

> To qualify as a medically determinable impairment, as defined by the Social Security Act, the alleged impairment must be supported by objective clinical and diagnostic findings from an acceptable medical source (20 CFR 416.913(c), SSR 06-03p). Although claimant alleged ADD, he presented no objective medical findings or laboratory tests to support a conclusion that this is a medically determinable impairment. Treatment notes with Summit Pointe from prior to his alleged onset date mention ADD as a diagnosis, however these were signed by an unacceptable medical source (Exhibit 7F). The claimant completed a psychological consultative examination with Samantha Wheeler, Ph.D. in June of 2017. At this evaluation, the claimant complained of a history of ADHD as a child but stated he stopped taking medications for such when he became an adult. Dr. Wheeler noted the claimant described symptoms of ADHD, but did not demonstrate such during the examination. She did not diagnose him with such (Exhibit 4F).

PageID.105.

Dr. Wheeler diagnosed plaintiff's mental condition as "Major Depressive Disorder, Single episode, Moderate."  Dr. Wheeler indicated that additional information was needed to confirm or rule out ADHD:

> The claimant describes symptoms of ADHD but does not demonstrate these in this examination.  Further testing or background information is needed to confirm or rule out an ADHD diagnosis.

PageID.371.  In evaluating plaintiff's RFC, the ALJ acknowledged that plaintiff had some mental deficits: that through August 2018, plaintiff "reported some distractibility or attention deficits, but noted that he was performing odd jobs to pay child support"; that at Dr. Wheeler's examination on June 22, 2017 plaintiff "complaint of problems focusing and feeling as if his mind jumped around a lot"; and that plaintiff denied taking medication but used "medical marijuana" for depression. PageID.107.  While plaintiff reported problems interacting with one past supervisor, he denied

6

problems getting along with others.  PageID.108.  In addition, at the administrative hearing, plaintiff testified that on days he had problems focusing, he could follow simple directions (*e.g.*, "get up and go out in the lobby, get a magazine, come back and sit down"), but he could not follow more complex directions (*e.g.*, "let's say you picked up a fancy grill and you had to read all those directions").  PageID.81.

In addition, the ALJ noted that:

> [Plaintiff] indicated he enjoyed working on cars, fishing, hunting, and spending time with his kids. He indicated he completes basic household chores and manages his own finances. The claimant's insight and judgment were described as good. His stream of mental activity was organized. During a mental status assessment, he repeated seven digits forward and backwards. He remembered 3/3 objects after a delay. He completed a serial seven sequence and simple arithmetic.

PageID.108.  It appears that the ALJ accommodated some of plaintiff's symptoms by limiting plaintiff's RFC to "simple, routine, and repetitive tasks" and "occasional contact with the public and co-workers." PageID.106.

However, the ALJ's decision was not based on a complete review of the medical record.  As discussed, the ALJ noted that sometime prior to plaintiff's alleged onset date, an unnamed "unacceptable medical source" at Summit Pointe diagnosed plaintiff with ADD.  PageID.105.  The ALJ did not identify the medical source, but merely cited Exhibit 7F, an exhibit which contains about 140 pages of medical records (ECF 13-13, PageID.490-521; ECF 13-14, PageID.522-555; ECF 13-15, PageID.556-606; and ECF 13-16, PageID.607-629).  In this regard, Dr. Wheeler opined that "[f]urther testing or background information is needed to confirm or rule out an ADHD diagnosis." PageID.371.

Plaintiff points out that Sven Zethelius, M.D. made such a diagnosis.  Dr. Zethelius evaluated plaintiff on January 30, 2017 (the alleged disability onset date) and signed his opinion on February 6, 2017.  PageID.562-564.  At that time, the doctor diagnosed plaintiff with ADHD,

cannabis disorder (mild), and persistent depressive disorder (dysthymia). PageID.563-564. The ALJ's decision did not address Dr. Zethelius' opinion or diagnosis. When Dr. Wheeler examined plaintiff in June 2017, it appears that she was not aware that a doctor had confirmed a diagnosis of ADHD in February 2017. Dr. Zethelius' diagnosis is significant, because it indicates that Dr. Wheeler's opinion was not based on an accurate medical history.

Given this record, the Court concludes that the ALJ's RFC determination is not supported by substantial evidence. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should evaluate Dr. Zetheluis' February 2017 opinion, re-evaluate Dr. Wheeler's June 2017 opinion, and re-evaluate plaintiff's RFC.

> **B.    The ALJ failed to find that the evidence of record documents that the plaintiff's severe mental medical impairment (ADHD) meets or equals the requirements of Listing 12.11.**

At step three, a claimant bears the burden of demonstrating that he meets or equals a listed impairment. *See Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir. 1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id*. An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404/1525(d) and 416.925(d).

Plaintiff contends that his diagnosis of ADHD and related impairments meet or equal the criteria of Listing 12.11 (Neurodevelopmental disorders). Plaintiff's Brief (ECF No. 16, PageID.646-648). Here, the ALJ addressed another mental condition, Listing 12.04 (Depressive,

8

bipolar and related disorders) (*see* PageID.105-106), but did not address Listing 12.11. While the regulations do not require an ALJ to address every listing, the ALJ should discuss a listing if the record raises a "substantial question" as to whether the claimant could qualify as disabled under that listing. *Sheeks v. Commissioner of Social Security Administration*, 544 Fed. Appx. 639, 641 (6th Cir. 2013). In contesting the ALJ's evaluation, plaintiff "must do more than point to evidence on which the ALJ could have based his finding to raise a 'substantial question' as to whether he has satisfied a listing." *Smith-Johnson v. Commissioner of Social Security*, 579 Fed. Appx. 426, 432 (6th Cir. 2014). "Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Id*.

In this instance, the Court concludes that plaintiff has met this burden. The requirements for Listing 12.11 are as follows:

12.11 **Neurodevelopmental disorders** (see 12.00B9)[1], satisfied by A and B:

A. Medical documentation of the requirements of paragraph 1, 2, or 3:

1. One or both of the following:
   a. Frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks; or
   b. Hyperactive and impulsive behavior (for example, difficulty remaining seated, talking excessively, difficulty waiting, appearing restless, or behaving as if being "driven by a motor").
2. Significant difficulties learning and using academic skills; or
3. Recurrent motor movement or vocalization.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

1. Understand, remember, or apply information (see 12.00E1).
2. Interact with others (see 12.00E2).

---

[1] *See* 20 C.F.R. § 12.00B9a, which provides that the neurodevelopmental disorders in Listing 12.11 are characterized by onset during childhood and adolescence "although sometimes they are not diagnosed until adulthood", and that the symptoms and signs may include "deficits in attention or impulse control."

        3.      Concentrate, persist, or maintain pace (see 12.00E3).
        4.      Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.11.

As to the ¶ A criteria of Listing 12.11, plaintiff's medical history Dr. Zethelius' opinion indicates that plaintiff was treated for ADHD as a child and that "[h]e is having three jobs a year, two failed marriages, four kids, [and] has significant difficulties managing money." PageID.562. While plaintiff has "excellent social skills," he cannot finish a task (*e.g.*, changing a tire) and "[h]e endorsed, in particular, difficulties in maintaining attention, fidgetiness, and being overly talkative." PageID.63.

This leaves the ¶ B criteria. In evaluating Listing 12.04, the ALJ found that plaintiff did not meet the ¶ B criteria, having only mild or moderate limitations. PageID.105. While these findings would preclude plaintiff from meeting the ¶ B criteria for Listing 12.11, the findings for Listing 12.04 were flawed because they were based on Dr. Wheeler's June 2017 opinion (ECF No. 4). PageID.106. As discussed, *supra*, Dr. Wheeler's opinion was based on an incomplete medical history. Accordingly, on remand, the ALJ should re-evaluate whether plaintiff meets the requirements of Listing 12.11.

    **IV.**    **CONCLUSION**

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to evaluate Dr. Zethelius' February 2017 opinion, re-evaluate Dr. Wheeler's June 2017 opinion, evaluate whether plaintiff meets Listing 12.11, and re-evaluate plaintiff's RFC. A judgment consistent with this opinion will be issued forthwith.

Dated:  September 16, 2021              /s/ Ray Kent
                                                  United States Magistrate Judge